M'GRUDER
v.
RUSSELL.

### M'GRUDER v. RUSSELL, Sheriff, &c.

A ca. sa. on a replevin-bond in the Supreme Court, was, by the sheriff thereof to whom it was directed, sent to the sheriff of *Jackson* county, where the execution-defendant resided. The sheriff of that county arrested the defendant, and afterwards suffered him to escape. *Held*, that, under the statute, the sheriff of the Supreme Court was not liable for the escape.

The sheriff of *Jackson* county, after the escape, retook the defendant in that county, and brought him to the seat of government, where the Supreme Court sits. *Held*, that the removal of the defendant out of the county in which he was arrested was an escape.

The process of the Supreme Court is, by statute, directed to the sheriff of that Court, who receives the same and forwards it, with his mandate, to the sheriff of the county in which it is to be executed. The sheriff of the proper county makes his return to the sheriff of the Supreme Court, and the latter returns it to that Court.

The general doctrine is, that a sheriff is liable for the acts of his deputy. But as the authority of the sheriffs of the several counties to execute the process of the Supreme Court, is neither conferred by the sheriff of that Court, nor subject to be revoked or abridged by him,—he is not liable for their conduct.

*Tuesday, November 7.*

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—Debt by *M'Gruder* against *Russell*, sheriff of *Marion* county, for an escape. Plea, nil debet. Special verdict to the following effect :—

*M'Gruder*, at the *May* term, 1821, of the Supreme Court, recovered judgment against *Tate*, and took out an execution of fieri facias. Replevin-bond by *Tate* with *Craig* as surety. Ca. sa. directed to *Russell*, sheriff of *Marion* county, against *Tate* alone, upon the replevin-bond; *Craig* having died since its execution. *Russell* sent the ca. sa. to *Stanly*, sheriff of *Jackson* county, where *Tate* resided. *Stanly* arrested *Tate* in *October*, 1825, and suffered him to go at large until the *November* following, when *Elliott*, acting for *Stanly*, again arrested *Tate* on the ca. sa. and conveyed him to *Indianapolis*, and offered to deliver him to *Russell*. *Russell* refused to receive him; and, upon a writ of habeas corpus, he was finally discharged. Upon these facts, if the law is in favour of the plaintiff, the jury find for him 738 dollars and 13 cents debt, and 158 dollars and 46 cents damages; otherwise they find for the defendant.

The Circuit Court gave judgment, upon the verdict, in favour of the defendant.

With respect to the fact of an escape in this case, there is no doubt about that. It is expressly found by the jury, that an escape had been suffered, before the execution-debtor had been taken from the county of *Jackson*. But had it been otherwise, the removal of the party out of the county in which he was arrested, was itself an escape. It was like the case of a bailiff of a liberty, taking the party out of the liberty to the county gaol, and delivering him to the sheriff, which has been adjudged an escape. *Boothman* v. *Earl of Surry*, 2 T. R. 5.

The only question which the case presents, is, whether an action for this escape can be maintained against *Russell*, the sheriff of *Marion* county? If *Russell* is the principal sheriff for the state, as respects the process of the Supreme Court, and the sheriffs of the different counties are merely his deputies; and if the decision of the case is to rest strictly upon the common-law doctrine of principal and agent; no doubt can exist but that for the escape suffered by *Stanly*, *Russell* alone is responsible to the plaintiff. *Cameron* v. *Reynolds*, Cowp. 403. By the statute of 1824, p. 129, which governs this case, the sheriff of the county where the seat of the state government is located, is to act as the sheriff of the Supreme Court, and the sheriffs of the several counties are to act as his deputies, and are responsible to him (1). It must be remarked, that the authority of the sheriffs of the respective counties, is not conferred by the sheriff of the Supreme Court; nor can such authority when conferred, be revoked or abridged by him. They are elected by the people at stated periods, and act in their own names, as independent officers of their respective counties, not in the name of the sheriff of the Supreme Court in any case whatever. Under these circumstances, the sheriff of the Supreme Court cannot, in our opinion, be liable for the conduct of the other sheriffs in the different counties, unless made so by the express words of the act of assembly. There is certainly no such direct statutory provision: it would be very unreasonable if there were.

The law of the state, upon the subject before us, we conceive to be this. The process of the Supreme Court is directed by the clerk, to the sheriff of the Supreme Court. He receives and forwards it, with his mandate, to the sheriff of the

Nov. Term,
1826.

county where it is to be executed. The sheriff of the proper county, makes his return to the sheriff of the Supreme Court, from whom he received it; and the latter returns it to the Supreme Court from whence it issued. The practice, in this respect, may be assimilated to that which prevails in an *English* county, where there is a bailiff of a liberty. The writ is directed to the sheriff; he makes out his mandate to the bailiff of the liberty; the bailiff executes it and makes his return to the sheriff; and the sheriff returns it to his Court. If the writ be a ca. sa., the bailiff must confine the party in the gaol of the liberty; and should he suffer him to escape, an action lies against the bailiff, but not against the sheriff. 2 Bac. 519. When the sheriff has nothing to do with the choice of the bailiff or his sureties, he cannot, upon any principle of the common law, be made responsible for his acts; nor can he be considered so liable, by virtue of any statutory provision, where there are no express words to that effect.

*Per Curiam.*—The judgment is affirmed with costs.

*Dewey* and *Howk,* for the plaintiff.

*Fletcher, Rariden,* and *Nelson,* for the defendant.

(1) This statute is repealed. The sheriff of the Supreme Court is now appointed by the Court for the term of three years. He appoints his deputies in different parts of the state, and is expressly made responsible for their acts. Stat. 1833, p. 47.